

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2008

# In Re: Arthur Hairston

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Arthur Hairston " (2008). *2008 Decisions.* Paper 388.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/388

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3330
_____


IN RE:  ARTHUR L. HAIRSTON,
                                            Petitioner


_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 08-01348)

_____


Submitted Pursuant to Rule 21, Fed. R. App. P.
August 29, 2008

Before:  SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges

(Filed: October 8, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Pro se petitioner Arthur L. Hairston, Sr. seeks a writ of mandamus to compel the

United States District Court for the District of New Jersey to grant injunctive relief in

connection with his civil rights complaint.  In his complaint, Hairston challenged the

filing fee installment payment requirements of the Prison Litigation Reform Act,

28 U.S.C. § 1915, as being unconstitutional as applied to him.  He alleged that prison

officials are deducting funds from his prison account for payment of filing fees, and because he only earns $0.11 per hour from his prison job, he needs that money to call his loved ones. Hairston contended that his Eighth Amendment rights were being violated by the prison account deductions given that he has no gainful employment. Hairston also filed an application to proceed in forma pauperis. The District Court granted the in forma pauperis motion but dismissed the complaint for failure to state a claim on which relief may be granted. Hairston filed a notice of appeal, which was docketed in this Court at C.A. No. 08-2641. On August 8, 2008, Hairston's appeal was dismissed for failure to timely prosecute for failure to pay the requisite fee as directed.

In his mandamus petition, Hairston asks this Court to compel the District Court to grant his motion for injunctive relief pending his appeal, which was contained within his notice of appeal. He contends that he should not have to choose between maintaining telephone contact with his family and pursuing civil rights suits and appeals, and that injunctive relief to halt the continuing account deductions is necessary. Hairston has also filed letter motions dated August 21, 2008 and August 27, 2008, again asking for the injunctive relief to be granted.

The remedy of mandamus is appropriate to aid this Court's jurisdiction in extraordinary circumstances only. See In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). To prevail, a petitioner must show, among other things, that there are no other available means to obtain the relief he seeks. Id.

2

We note that Hairston's request for injunctive relief pending appeal, as filed in District Court, now appears to be moot because his appeal is no longer pending. Thus, because his mandamus petition seeks an order compelling the District Court to grant an injunction pending appeal, we will deny the mandamus petition. To the extent that Hairston asks this Court to overturn the District Court's dismissal of his complaint and enjoin the deductions from his prison account, Hairston clearly had other available means of obtaining review of the District Court's decision other than by way of mandamus, namely, his appeal at C.A. No. 08-2641. Mandamus is not an alternative to an appeal; because of its drastic nature, "a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." In re Chambers Dev. Co., 148 F.3d at 223. To the extent that Hairston's motions seek the same relief sought in his mandamus petition, we deny the motions on the same principles. Finally, to the extent that the motions seek expedited consideration of his mandamus petition, we deny the motion.

For the foregoing reasons, we will deny the petition for a writ of mandamus and deny the letter motion.