OPINION
PER CURIAM.
Arthur L. Hairston, Sr., appeals pro se from the order of the District Court dismissing his petition for a writ of habeas corpus. We will summarily affirm. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.
Hairston is a federal prisoner. This appeal arises from his latest attempt to challenge the constitutionality of the provision of the Prisoner Litigation Reform Act (“PLRA”) codified at 28 U.S.C. § 1915(b). That provision requires prisoners granted in forma pauperis status to pay their filing fees in full' and authorizes district courts to collect payment from their prison accounts. That provision does not apply to properly-designated habeas petitions. See Santana v. United States, 98 F.3d 752, 756 (3d Cir.1996).
Hairston initially raised his constitutional challenge in a habeas petition that he purported to file under 28 U.S.C. § 2241, which the District Court dismissed on August 28, 2007. Hairston did not appeal that ruling. Instead, he filed a separate civil rights complaint raising the same challenge. The District Court dismissed that complaint, and Hairston appealed. We ultimately dismissed his appeal for failure to prosecute. Hairston v. Gronolsky, C.A. No. 08-2641 (Aug. 8, 2008 order). Hairston then filed a petition for a writ of mandamus in this Court seeking an order directing the District Court to provide injunctive relief in connection with his dismissed civil rights action. We denied that petition. See In re Hairston, 295 Fed.Appx. 506 (3d Cir.2008).
Finally, Hairston filed the petition at issue here, again purportedly under § 2241 and again claiming that § 1915(b) is unconstitutional. Specifically, Hairston claims that President Clinton was “tricked” into signing the enacting legislation, that the District Court is “extorting” money from him by ordering the withdrawal of funds to cover the filing fees for his prior civil actions, and that the statute impermissibly deprives him of money to pay for telephone calls to his family. The District Court dismissed Hairston’s petition by opinion and order entered May 22, 2009, and Hairston appeals.[1]
As the District Court correctly explained, only challenges addressed to the fact or duration of confinement or to the execution of a sentence generally are cognizable in habeas. See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir.2005). A challenge like Hairston’s to the constitutionality of § 1915(b) *739 goes to the conditions of his confinement, and thus may be asserted only in a civil rights action. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir.2002). Thus, the District Court properly dismissed Hairston’s petition. The District Court also properly refrained from sua sponte treating Hairston’s petition as itself a civil rights complaint, which again would have subjected him to the very statutory provision that he finds objectionable and to the “three strikes” provision of § 1915(e).
Accordingly, we will affirm. In addition, we caution Hairston that further attempts to evade the PLRA by filing mis-characterized habeas petitions may indeed subject him to these provisions of the PLRA or to the imposition of sanctions. Cf. Madden v. Myers, 102 F.3d 74, 78 (3d Cir.1996) (“A litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act.”).

. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Hairston purported to bring his challenge under § 2241, and it clearly does not lie under § 2255, so he does not require a certificate of appealability to appeal. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.2009). We review the District Court’s legal rulings de novo. See Vega v. United States, 493 F.3d 310, 314 (3d Cir.2007).