

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# David Fiore v. Cameron Lindsay

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"David Fiore v. Cameron Lindsay" (2009). *2009 Decisions.* Paper 1155.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1155

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-202                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4785
_____

DAVID W. FIORE,
                    Appellant

v.

WARDEN USP-CANAAN CAMERON LINDSAY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-498)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 29, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: June 22, 2009 )
_____

OPINION
_____

PER CURIAM

    Appellant David Fiore, a pro se prisoner, appeals from the District Court's denial

of his habeas petition under 28 U.S.C. § 2241.  For the reasons set forth below, we will

summarily affirm.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.

I.

While Fiore was imprisoned at the United States Penitentiary in Waymart, Pennsylvania ("USP-Canaan"), he filed the § 2241 petition at issue in this appeal.[1] However, his claims arose from incidents which took place at the Federal Medical Center in Fort Devens, Massachusetts ("FMC-Devens"), his previous place of confinement. In the petition, Fiore raised four claims: 1) his due process rights were violated during disciplinary proceedings related to Incident Report No. 1330650; 2) his due process rights were violated during disciplinary proceedings related to Incident Report No. 1466880; 3) prison officials unlawfully subjected him to retaliation and harassment as a result of those two incidents; and 4) during his administrative detention pending resolution of Incident Report No. 1330650, prison officials failed to provide him with a complete copy of the prison handbook and related materials in violation of Bureau of Prison ("BOP") policy.

As relief, Fiore sought to have the two disciplinary actions expunged from his record and 27 days of good time credit restored. The District Court denied Fiore's petition after determining that his claims were either without merit or not cognizable on federal habeas review. Fiore subsequently appealed the ruling.

---

[1]While Fiore's habeas petition was pending in the District Court, he was transferred to the Stratford County Prison in Dover, New Hampshire.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appealability is not required to appeal from the denial of Fiore's § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We exercise plenary review over the District Court's legal conclusions, and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

## III.

### A.    Due Process Claims

#### I.    Incident Report No. 1330650

On April 11, 2005, Senior Officer Specialist Lieutenant A. Colon issued Incident Report No. 1330650 ("IR 1330650") charging Fiore with fighting with another person in violation of BOP disciplinary code 201. This misconduct charge stemmed from a January 15, 2005 altercation between Fiore and another inmate at FMC-Devens. On May 18, 2005, prison officials conducted an administrative hearing and, thereafter, ruled that Fiore violated code 201. He was sanctioned to a 27-day loss of good time credit.

Fiore alleged that his due process rights were violated at various stages during the disciplinary proceedings. Specifically, he claimed that Lieutenant Colon violated his rights when he failed to: 1) read him his rights before taking his statement regarding the incident; 2) record his statement; 3) allow him to sign a written version of his statement; 4) timely serve him with a copy of IR 1330650; and 5) issue IR 1330650 in a timely

3

manner as required by BOP regulations. In addition, Fiore claimed that the Disciplinary Hearing Officer assigned to his case (DHO Bracy) violated his rights by: 1) refusing his request to dismiss the disciplinary charge for failure of correctional officer staff to follow institutional policy; and 2) failing to "audio record" the administrative hearing.

It is well established that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U. S. 539, 556 (1974). The Supreme Court has, however, recognized a set of minimum procedural protections that must apply to prison disciplinary proceedings when, as in this case, a prisoner's good-time credit is at stake. Specifically, when good-time credit is at stake, a prisoner is entitled to: 1) appear before an impartial decision-making body; 2) twenty-four hour advance notice of the charges; 3) an opportunity to call witnesses and present documentary evidence; 4) assistance from a representative; and 5) a written decision explaining the evidence relied upon. Id. at 563-71. "Revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985).

Upon review of the record, we agree with the District Court that Fiore received all the process he was due during the disciplinary proceedings. The record reveals that Fiore was given 24 hours notice of the charges against him in accordance with 28 C.F.R.

4

541.17(a); that he was provided the opportunity to call witnesses and present documentary evidence in his defense; and that he was issued a written decision setting forth the evidence relied on, and reasons for, the disciplinary action. See Wolff, 418 U.S. at 563-67.

Furthermore, the DHO's findings were clearly supported by "some" evidence in the record. In his report, DHO Bracy noted that his decision was based upon Lieutenant Colon's detailed incident report and a physician's report dated January 15, 2005, which revealed that Fiore sustained injuries consistent with the reported incident.

We agree with the District Court that this evidence is sufficient to support the outcome of the hearing, and meets the requirements imposed by the Due Process Clause. See Hill, 472 U.S. at 454.[2]

## II. Incident Report No. 1466880

On May 13, 2006, Lieutenant Colon issued Incident Report No. 1466880 against Fiore charging him with insolence toward a staff member in violation of BOP disciplinary code 312. Following an administrative hearing, the DHO ruled that Fiore violated code 312. As a result, Fiore was sanctioned to 10 days of disciplinary segregation, three months loss of commissary privileges, and 3 months loss of social telephone privileges.

---

[2]We need not reach Fiore's allegations that the prison failed to follow certain other BOP guidelines because, as discussed above, such failure will not result in a due process violation as long as Fiore was provided with the process he is due under Wolff.

Again, Fiore claimed that his due process rights had been violated during the administrative process.

The District Court correctly determined that this claim was not appropriate for federal habeas review. While the Due Process Clause protects against the revocation of good time credit, it does not provide the same level of protection against the other forms of discipline that Fiore received. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing Sandin v. Conner, 515 U.S. 472, 486 (1995)). Based upon a review of the undisputed record, Fiore was not sanctioned to a loss of good time credits in connection with Incident Report No. 1466880. Furthermore, as the District Court aptly pointed out, Fiore acknowledged in his habeas petition that the incident report could not be addressed in a § 2241 petition. Accordingly, the District Court properly denied this claim.

B.    Harassment and Retaliation Claims

Lastly, Fiore claimed that he was unlawfully retaliated against and harassed by prison staff during his stay in FMC-Devens' Special Housing Unit pending the investigation of IR1330650. Specifically, Fiore claims that his mail was interfered with and he was given a retaliatory job reassignment. He also claimed that he was ultimately transferred from FMC-Devens to another correctional facility in retaliation for various conflicts with prison staff.

We agree with the District Court that these claims are not cognizable in a § 2241 petition. They do not present a challenge to the fact or length of Fiore's conviction, see

6

<u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002), nor do they challenge the manner of its execution, <u>see</u> <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 243 (3d Cir. 2005) (indicating that while certain types of transfers may give rise to habeas claims, "a garden variety prison transfer" would not).

As Fiore's appeal presents no substantial question, we will summarily affirm. <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6. Fiore's motion to hold the case in abeyance is denied as moot.