**Damian MARINE, Appellant**

v.

**Francisco J. QUINTANA, FCI McKean.**

No. 09–2348.

United States Court of Appeals,
Third Circuit.

Submitted for Possible
Summary Action

Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Aug. 20, 2009.

Opinion filed: Oct. 6, 2009.

Damian Marine, Brooklyn, NY, pro se.

Donovan J. Cocas, Esq., Megan E. Farrell, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

At the time he filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Damian Marine was incarcerated at FCI–McKean in Pennsylvania. Marine had been transferred to that facility from a halfway house in Brooklyn, New York, following an adverse disciplinary hearing decision in which he was adjudicated guilty of failing to submit a pay stub from his place of employment. The disciplinary hearing also resulted in both a rescheduling of his provisional release date and a loss of thirteen days good time credits.

In his habeas petition, Marine challenged the disciplinary proceeding on due process grounds and demanded expungement of the relevant incident report, compensatory damages for emotional distress, termination of his 3–year term of supervised release, and immediate release from custody. The latter demand was attached to Marine's claim that had his provisional release date not been pushed back as a result of the disciplinary decision, he would no longer be in custody.

In an exhaustive report and recommendation, the Magistrate Judge first determined that Marine's successful administrative appeal had rendered moot his claim for expungement of the incident report. The Magistrate Judge next determined that Marine had failed to exhaust his claim regarding the provisional release date, and

that in any event the claim lacked merit. The Magistrate Judge also determined that only the sentencing court, the District Court for the Southern District of Florida, could modify Marine's term of supervised release, and that Marine's claim for compensatory damages based on emotional distress was precluded in a habeas proceeding by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The District Court adopted the Magistrate Judge's recommendation that the habeas petition be denied. Marine appealed, and the Government filed a motion for summary affirmance.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appealability is not required to appeal from the denial of Marine's § 2241 petition. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir.2009). We exercise plenary review over the District Court's legal conclusions, and review its factual findings for clear error. *See Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir.2002). Summary affirmance is proper when "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." Third Circuit I.O.P. 10.6.

We agree with the Government that events subsequent to his filing of the habeas petition have rendered moot Marine's primary requests for relief. *See Burns v. Pa. Dep't of Corr.*, 544 F.3d 279, 283 (3d Cir.2008). Specifically, his incident report was expunged, his good time credits were restored, and he is no longer in custody. Moreover, Marine's claims concerning his term of supervised release and his alleged emotional distress lack merit for substantially the reasons given in the Magistrate's report, and they do not present a "substantial question."

Accordingly, we grant the Government's motion for summary affirmance and will affirm the judgment of the District Court.