OPINION
PER CURIAM.
Appellant Paul Podhorn, a pro se prisoner, appeals from the District Court’s denial *619 of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his habeas petition, Podhorn challenged the Federal Bureau of Prisons’ (“BOP”) calculation of his federal sentence.[1] Podhorn also alleged that the BOP improperly denied him placement in a Community Corrections Center (“CCC”). For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.
I.
On April 21, 2006, Podhorn, was sentenced in the United States District Court for the Southern District of Illinois to eighty-seven months of imprisonment for various firearms violations, including selling firearms -without maintaining proper records, in violation of 18 U.S.C. § 922(m).[2] On or about May 28, 2009, after the Seventh Circuit Court of Appeals determined that Podhorn erroneously received a sentence enhancement under U.S.S.G. § 2K2.1(b)(4), the District Court amended Podhorn’s term of imprisonment from eighty-seven months to seventy months.
Following his re-sentencing, the BOP re-calculated Podhorn’s sentence under applicable guidelines, determining that, based on a seventy-month sentence that began on April 21, 2006, and excluding prior custody credit and Good Time Credits (“GCT”), Podhorn would be eligible for release on February 20, 2012.
Podhorn was initially afforded a prior custody credit of 637 days. However, after contacting the Sheriff of Jersey County, Illinois, to confirm Podhorn’s prior custody credit relating to his state incarceration, the BOP was informed that prior custody credit previously afforded Podhorn from January 10, 2003, through February 10, 2003, should not have been included. Pod-horn was released from state custody on a recognizance bond on January 10, 2003, and thus, he was only entitled to a prior custody credit of 606 days. Accordingly, Podhorn’s release date, not including GCT, would be June 24, 2010.
On a seventy-month sentence, however, Podhorn is eligible to receive a maximum of 274 days of GCT. To date, he has lost a total of ninety-seven days of GCT through the BOP’s disciplinary process. Thus, his current earned and projected GCT is 190 days. Subtracting 190 days of GCT, earned and projected, from his full term date of June 24, 2010, the BOP projects that Podhorn will be released on December 16, 2009.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appealability is not required to appeal from the denial of Podhorn’s § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.2009). We exercise plenary review over the District Court’s legal conclusions, and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir.2007).
*620 ill.
Podhorn challenges the BOP’s calculation of his release date as December 16, 2009. He believes that he should have been released on August 5, 2009. We agree with the District Court that Podhorn has not demonstrated that the BOP’s calculations are incorrect.
As mentioned earlier, the full term expiration of Podhorn’s seventy-month sentence, not including prior custody credit or GCT, is February 20, 2012. Podhorn was afforded 606 days prior custody credit, making the actual full term expiration date of his sentence June 24, 2010. Provided that he receives the remaining possible 190 days of GCT, his projected release date is December 16, 2009. Thus, the BOP has properly calculated Podhorn’s likely date of release as December 16, 2009. Although Podhorn claims otherwise, we agree with the District Court that the BOP’s calculations are correct and that Podhorn has not set forth credible evidence suggesting otherwise.
We also agree with the District Court that the BOP has not wrongfully failed to transfer Podhorn to a CCC. As an initial matter, it has been established that prisoners have no constitutional right to be assigned to a particular institution, facility or rehabilitative program. See Olim v. Wakinekona, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Simply because the BOP has discretion to transfer or assign an inmate to a CCC does not mean that it is required to do so, provided that it considers the appropriate factors. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 249 (3d Cir.2005).
Prior to Podhorn’s May 28, 2009 re-sentencing, his projected release date was February 2, 2011. According to the BOP, review of an inmate’s eligibility for CCC placement typically occurs seventeen to nineteen months prior to the inmate’s release date. At the time of Podhorn’s re-sentencing, his release date was more than nineteen months away. Thus, he had yet to be evaluated for CCC placement. While it is true that Podhorn’s re-sentencing resulted in him having less than twelve months remaining on his sentence, and thus enabled him to be considered for CCC placement at that time, he had already filed an application with the BOP requesting to be transferred to the Eastern District of Missouri (where his wife was living) to serve his supervised release. On or about June 17, 2009, the United States Probation Office (“U.S.P.O.”) for the Eastern District of Missouri denied Podhorn’s transfer request on the grounds that Podhorn’s wife told the U.S.P.O. that she would be relocating to the Southern District of Florida.
That same month, Podhorn signed another transfer request seeking to be transferred to the Southern District of Florida. The request, which Podhorn signed, specifically stated that he would be reviewed for CCC placement upon approval by the U.S.P.O. in the Southern District of Florida.[3]
We agree with the District Court that Podhorn’s claim that Appellees have improperly denied him placement in a CCC, is unfounded. Podhorn’s requests to be transferred to other jurisdictions are at the root of the delay in his evaluation for CCC placement. Accordingly, the District Court did not err in denying this claim.
As Podhorn’s appeal presents no substantial question, we will summarily affirm. *621 See Third Cir. LAR 27.4; I.O.P. 10.6. Podhorn’s motion for appointment of counsel is denied.

. We note that Podhorn has filed several other cases against Appellees in the District Court, many of which have already been closed. See, e.g. Podhorn v. Grondolsky, Civ. No. 09-2531, 2009 WL 1662332 (D.N.J.2009). In the notice of appeal that Podhorn filed in this case, he discusses claims which he did not raise in his § 2241 petition and which the District Court did not review in its August 4, 2009, 2009 WL 2413641, memorandum opinion. We will only review those claims reviewed by the District Court in the instant case. To the extent that Podhorn seeks review of additional claims litigated in other District Court cases, he must file proper separate notices of appeal.

. Podhorn has been serving his federal sentence at F.C.I. Fort Dix in New Jersey.

. As of the date that the District Court issued its decision, Podhorn's request to be transferred to the Southern District of Florida remained pending. The current status of Pod-horn’s transfer request is unclear.