DLD-098                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3133
_____

STEVEN JEAN-PIERRE,
                                             Appellant,

v.

WARDEN HOWARD HUFFORD, F.C.I. SCHUYLKILL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-cv-01361)
District Judge: Christopher C. Conner
_____

Submitted on a Motion to Dismiss the Appeal
January 28, 2011

Before: BARRY, FISHER and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 8, 2011)
_____

OPINION
_____

PER CURIAM

     Appellant Steven Jean-Pierre, a federal inmate at the Federal Correctional

Institution - Schuykill in Minersville, Pennsylvania, filed an emergency petition in the

United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C.

§ 1651 and 28 U.S.C. § 2241.  Jean-Pierre alleged that he was being held unlawfully in

administrative detention in the Special Housing Unit at FCI-Schuylkill. He is serving a sentence of 188 months for controlled substance and weapons violations and has been in custody since 1997. In June, 2009, he was designated to the minimum security Federal Prison Camp - Schuylkill, but, after approximately 8 months, he was placed in administrative detention. He has remained there continuously, notwithstanding that he has not been charged with, or convicted of, any disciplinary infractions. He is locked down 24 hours per day, gets only 3 showers per week, has no access to a telephone, the law library, or the commissary, and gets no exercise. Alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment, Jean-Pierre sought immediate release from the Special Housing Unit.

In an order entered on July 2, 2010, the District Court summarily dismissed the petition without prejudice to the filing of a civil rights action. The court reasoned that habeas corpus relief is available only to one who challenges the fact or duration of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), and since Jean-Pierre sought to challenge only the conditions of his confinement, he would have to do so through a civil rights action, Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Jean-Pierre appeals. After he filed his Informal Brief, appellee Warden Howard Hufford filed a motion to dismiss the appeal on the ground of mootness, which Jean-Pierre opposes.

We will grant the motion and dismiss the appeal as moot. We have jurisdiction under 28 U.S.C. § 1291. Warden Hufford asserts in his motion to dismiss that Jean-Pierre's petition for release from administrative detention in the Special Housing Unit is now moot. On September 22, 2010, Jean-Pierre was transferred out of FCI-Schuylkill to

2

the Low Security Correctional Institution – Allenwood, located in White Deer, Pennsylvania, where he now lives in the general population. Attached to the motion to dismiss is a Declaration from Joseph McCluskey, Senior Attorney at FCI-Allenwood, attesting to the essential facts of the transfer and placement in the general population. Noting that, in his Informal Brief, Jean-Pierre requested an immediate transfer from the SHU to another prison altogether, Warden Hufford contended that Jean-Pierre had received all of the relief he sought via both his emergency petition and his Informal Brief.

We have reviewed Jean-Pierre's original emergency petition pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2241, his Informal Brief on appeal, and his response in opposition to the Warden's motion to dismiss the appeal. We agree that the appeal is moot. In his original emergency petition, Jean-Pierre asked to be released from administrative detention at FCI-Schuylkill, and, in his Informal Brief, he asks that we order his "immediate transfer from SHU to another prison," Informal Brief, at 5.[1] This is all the relief he requested. The federal courts may adjudicate "only actual, ongoing cases or controversies." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir.), cert. denied, 130 S. Ct. 458 (U.S. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). This "case or controversy" requirement continues at the appellate stage and requires that a party like Jean-Pierre have a personal stake in the outcome. See id. That personal stake is now absent from his case because his injury has been redressed by the BOP. We are unable to fashion any form of meaningful relief and thus, whether or not the original action sounded in civil rights, the appeal is moot. See Artway v. Att'y Gen. of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996).

---

[1] In his response in opposition to the motion to dismiss, Jean-Pierre failed to address the Warden's mootness argument.

3

For the foregoing reasons, we will dismiss the appeal as moot.