**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

10-3646
_____

ALAN LLOYD SESS,
                                        Appellant

v.

THE UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS; HARLEY G. LAPPIN, (Director);
M. HEFFRON, (Acting Warden, FCI, Fort Dix)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-09-cv-04762)
District Judge: Hon. Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2011

BEFORE: FISHER, JORDAN and COWEN, <u>Circuit Judges</u>

(Filed: April 27, 2011)
_____

OPINION
_____

COWEN, <u>Circuit Judge</u>.

Alan Lloyd Sess, a federal inmate, seeks habeas corpus relief under 28 U.S.C. § 2241. Because we perceive no error in the District Court's resolution of Sess's claims, we will affirm.

I.

On October 17, 1986, Sess was sentenced in the United States District Court for the District of Rhode Island to an eight-year term of imprisonment for possession with intent to distribute a Schedule I non-narcotic controlled substance, in violation of 21 U.S.C. § 841(A)(1).[1] Sess was instructed to voluntarily surrender for service of his sentence on December 1, 1986. Rather than surrendering, however, Sess fled to Spain. As a result, the District Court issued a warrant for his arrest.

Approximately fifteen years later, on February 19, 2001, Sess was arrested in Spain. On March 14, 2001, a grand jury sitting in the Eastern District of New York returned an indictment charging Sess with additional drug offenses and an arrest warrant was issued.

On November 15, 2002, Sess was extradited to the United States on both the Rhode Island and New York warrants. After returning to the United States, Sess remained in the custody of the United States Marshals Service pending disposition of the new charges in the Eastern District of New York. As a result, a computation of his first

---

[1] The United States District Court for the Northern District of California subsequently sentenced Sess to a five-year term of imprisonment for another drug-related offense. The court ordered this sentence to run concurrently with the sentence imposed in the District of Rhode Island.

sentence was not immediately executed. In July 2003, Sess pled guilty to Count I of the 2001 indictment, and, in November 2006, was sentenced to a 100-month term of imprisonment, with credit for time served.

Sess was delivered to the Federal Bureau of Prisons (BOP) on March 2, 2007. On December 27, 2007, the BOP's Designation and Sentence Computation Center computed Sess's two sentences as follows.[2] First, the BOP determined that Sess's 1986 sentence commenced on November 15, 2002, the day he first entered exclusive federal custody after his extradition. The BOP awarded 635 days of prior custody credit, which included one day for the day he was arrested (May 1, 1986), and 634 days for the time he spent in custody in Spain (February 19, 2001 to November 14, 2002). After taking this credit into account, the BOP calculated a mandatory release date of January 11, 2007. Because the mandatory release date preceded Sess's arrival in BOP custody, the BOP deemed the sentence satisfied and ordered him released as of January 11, 2007.

Sess's second sentence commenced at that time.[3] Because the BOP had already awarded Sess credit for the time he spent in custody in Spain against his 1986 sentence,

---

[2] The BOP had previously provided Sess with a Sentencing Monitoring Computation Data form that indicated a release date of May 22, 2008. According to the BOP, that form mistakenly calculated Sess's sentence on the basis of his 2001 case only, and failed to take into account his 1986 sentence. This mistake was corrected in the BOP's December 27, 2007 computation discussed above.

[3] Pursuant to 18 U.S.C. § 3584(a), the BOP determined that Sess's 100-month sentence was to be served consecutively to the 1986 sentence. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

the BOP did not grant any prior custody credit against this sentence. Taking into account anticipated good time credits, the BOP designated a release date of April 14, 2014.

In September 2009, Sess, now incarcerated within the District of New Jersey, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence. In particular, Sess claimed that the BOP deprived him of an opportunity to be considered for parole from his 1986 sentence and improperly expended his entire time-served credit on that sentence rather than applying it against his 2001 case. By order entered July 15, 2010, the District Court denied the petition. Sess now appeals from the District Court's order.[4]

## II.

The District Court correctly concluded that the BOP's computation of Sess's sentence was proper. As the District Court explained, the BOP properly computed Sess's 1986 sentence first, determining that it commenced on November 15, 2002, the day he first entered exclusive federal custody after his extradition, and crediting him with the time he spent in custody back in 1986 as well as the time he spent in confinement in Spain.[5] The BOP also properly determined that Sess's sentence in his 2001 case

---

[4] A certificate of appealability is not required to appeal the denial of a challenge to the execution of a sentence under 28 U.S.C. § 2241. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Thus, we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. See Vega v. United States, 493 F.3d 310, 313-14 (3d Cir. 2007). We review the District Court's denial of habeas relief de novo and exercise plenary review over its conclusions of law. See id. at 314.

[5] Sess argues that the BOP erred in deeming November 2, 2002—the date that he was extradited to the United States—as the date he began serving his 1986 sentence;

4

commenced on January 11, 2007, when he had completed his first sentence, see 18 U.S.C. § 3584(a), and that he was not entitled to any credit against that sentence for prior time served because such time had already been credited to his 1986 sentence, see 18 U.S.C. § 3585(b). Finally, as the District Court noted, Sess's contention that his 1986 sentence should be adjusted, after the fact, to account for the fact that he never had an opportunity to apply for parole is meritless.

III.

We have considered Sess's remaining arguments but conclude that they are without merit. Accordingly, we will affirm the judgment of the District Court.

---

according to Sess, his sentence should not have commenced until either November 2006 (when he was designated to a Bureau facility to serve the sentence in his 2001 case) or March 2007 (when he was delivered to the BOP). See 18 U.S.C. § 3568 (repealed) (providing that a sentence of imprisonment "shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence"). Sess claims that, had the BOP used one of the latter dates, he would have been afforded an opportunity for a parole hearing, and, if paroled from the 1986 sentence, he could have used the time he spent in custody between 2002 and 2006 against the service of his sentence in the 2001 case. Sess has failed to cite any authority demonstrating that the BOP was required to compute his sentences in this manner rather than the manner it chose. Furthermore, his entire argument is based on speculation that, had he applied for parole, his request would have been granted. Thus, even assuming, *arguendo*, that the BOP erred in determining that his 1986 sentence began to run in 2002, Sess has failed to show that he was prejudiced by such error.