**ALD-270**                                                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1174
_____

THEODORE YOUNG, SR.,
                                                                                Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
DIRECTOR FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-13-cv-00679)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Filed: July 3, 2014)
_____

OPINION
_____

PER CURIAM

        Theodore Young, Sr. ("Young"), was convicted of various controlled substance

offenses in the United States District Court for the Eastern District of Pennsylvania and

sentenced to 144 months of imprisonment.  We affirmed.  See United States v. Lee, 339

F. App'x 153, 165 (3d Cir. 2009). Young later filed a motion for relief from his sentence under 28 U.S.C. § 2255. The District Court denied it, and we denied a certificate of appealability ("COA"). (C.A. No. 11-3581, Jan. 11, 2012.)

At issue here is a habeas petition that Young purported to file under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. In his petition, Young argued that his confinement is unlawful under the Eleventh Amendment and 18 U.S.C. § 4001(a) because his criminal proceeding was initiated, not by the United States, but by a certain confidential informant who Young contends is not a United States citizen, was present in this country illegally, and has since been deported. The District Court, adopting a Magistrate Judge's recommendation, dismissed Young's petition with prejudice. Young appeals.[1]

The Magistrate Judge correctly explained that Young was required to file his challenge under § 2255 and not § 2241 because he sought relief from his criminal judgment and because the § 2255 remedy is not inadequate or ineffective under the exception recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), or otherwise. See 28 U.S.C. § 2255(e); United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013). The Magistrate Judge further correctly explained that any § 2255 motion would be properly

---

[1] Young does not require a COA to appeal the denial of his putative § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Young timely filed his notice of appeal but mistakenly filed it in the Eastern District of Pennsylvania, which returned it to him for refiling in the proper court. We will treat the notice as having been transferred to the proper court. We thus have jurisdiction under 28 U.S.C. § 1291.

2

filed only in the sentencing court.  <u>See</u> 28 U.S.C. § 2255(a).  The District Court could have considered transferring Young's petition to the Eastern District of Pennsylvania to be treated as a § 2255 motion, but Young has since filed a § 2255 motion with that court raising the same claim.  That court dismissed the motion as an unauthorized second or successive § 2255 motion, and Young's request for a COA to appeal that ruling is pending at C.A. No. 14-1910.

For these reasons, we will affirm the judgment of the District Court.