**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4036
_____

WILLIAM SOLOMON LEWIS,
                                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-15-cv-00092)
District Judge: Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Lewis appeals from an order of the District Court denying his petition for writ of habeas corpus, 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Lewis, while incarcerated at the United States Penitentiary in Coleman, Florida, was charged in Incident Report No. 2427489 with a Code 227 violation for refusing to submit to a tuberculosis skin test. Bureau of Prisons ("BOP") Program Statement 6190.04, requires inmates to undergo a purified protein derivative ("PPD") skin test for tuberculosis ("TB"). Lewis complained to prison personnel that he had previously experienced blistering and swelling following a PPD test. He requested a chest x-ray in lieu of the test. The request was denied by prison staff and Lewis's continued refusal resulted in the misconduct, 28 C.F.R. § 549.12(b)(4).

On April 12, 2013, Lewis appeared before a Disciplinary Hearing Officer and stated that he refused the PPD skin test because he had previously suffered an allergic reaction to it; he noted, however, that he did not refuse all testing for TB. Lieutenant Phelps appeared as a witness and corroborated Lewis's refusal, and he further noted that Lewis had been given a chest x-ray in lieu of a PPD test on at least one occasion while incarcerated in another institution. The Hearing Officer called T. Objio as a witness, and she stated that inmates could not have a chest x-ray in lieu of a PPD test unless a prior allergic reaction was documented. Moreover, Lewis's records showed that he underwent a PPD test the year before, in 2012, and those records did not show that he suffered an allergic reaction. Lewis's staff representative, Nurse Flagg, stated at the hearing that no allergic reactions to the PPD test had ever been documented in Lewis's case. Other

2

documentary evidence, including a prior incident report, was submitted for the Hearing Officer's review. Lewis presented no documentary evidence in support of his assertion that he had previously suffered an allergic reaction to a PPD test.

Following the hearing, the Hearing Officer concluded that Lewis had no basis for refusing to submit to the PPD test and found him guilty of the misconduct. Lewis was sanctioned as follows: loss of 27 days of good conduct time; confinement to disciplinary segregation for 30 days; and loss of commissary and telephone privileges for 90 days. In addition, his personal property was impounded for 30 days.

Lewis, who is now incarcerated in Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, seeking the restoration of his good conduct time. In addition to setting forth his claim of a violation of his right to due process in connection with the loss of his good conduct time, he also asserted that he had tried to exhaust his administrative remedies by appealing the decision of the Hearing Officer. He asserted that he had, however, received no response to his appeal from the Regional Office. Lewis submitted documentation of his efforts to administratively appeal his sanctions, and argued that the requirement should be waived in his case, citing our decision in Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002) (if prison official thwarts inmate's ability to exhaust his administrative remedies, those remedies are not considered available within meaning of 42 U.S.C. § 1997e(a)). The BOP responded that the petition should be denied based on Lewis's failure to comply with the complete administrative review process, citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760-61 (3d Cir. 1996) (if prisoner has

3

failed to exhaust administrative remedies due to his procedural default and default renders administrative process unavailable, review of his habeas claim is barred absent showing of cause and prejudice). In the alternative, the BOP argued that the petition was meritless.

In an order entered on October 3, 2016, the District Court noted the disputed factual issues relating to Lewis's efforts to exhaust his administrative remedies but declined to resolve the dispute, preferring instead to deny the habeas petition on the merits. In a thorough Memorandum, the Court discussed the applicable law, reviewed the evidence presented at Lewis's disciplinary hearing and the Hearing Officer's findings and conclusions, and concluded that Lewis was afforded all of his procedural rights, and that "some evidence" supported the decision of the Hearing Officer. Accordingly, the District Court concluded, Lewis had failed to make out a due process violation.

Lewis appeals. We have jurisdiction under 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of § 2241 petition). Our Clerk granted Lewis leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A challenge to the BOP's execution of a sentence, including the sanction of loss of good conduct time, is properly brought under 28 U.S.C. § 2241. See Woodall v. Federal

4

Bureau of Prisons, 432 F.3d at 235, 241-43 (3d Cir. 2005). We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).

Due process provides certain procedural protections at a prisoner's disciplinary hearing, Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974), as do the governing regulations, see 28 C.F.R. § 541.5, et seq., but, as explained by the District Court, Lewis received all of the process he was due. He received advance written notice of the charge, he called witnesses and gave a statement at the hearing that his refusal was medically justified, and he elected to have a staff representative speak for him. In addition, Lewis indicated throughout that he was aware of his rights in connection with the hearing. Also, the Hearing Officer fully considered all of the evidence and fully explained his decision to sanction Lewis for refusing to undergo the PPD skin test. Lewis was then notified of his right to appeal.

Furthermore, the findings of a Disciplinary Hearing Officer must be supported by "some evidence in the record," Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 454-56 (1985), but again, as explained by the District Court, the standard was met in Lewis's case. Lewis does not have a documented history of a severe previous reaction to the PPD skin test, and the Hearing Officer did not favorably rate his credibility with respect to his assertion of a justified need for a chest x-ray. Therefore, the Hearing Officer's conclusion that Lewis's refusal to undergo the PPD test was unjustified is supported by "some evidence." Lewis's due process claim is thus without merit.

5

We note that, in his Traverse to the BOP's response to his § 2241 petition, Lewis relied upon specific text in P.S. 6190.04, in support of his argument that a self-reported allergy is sufficient to show the need for a chest x-ray in lieu of a PPD skin test. Specifically, he noted the following text:

> A self-reported, undocumented previous positive tuberculin skin test is not a contraindication to receiving a tuberculin skin test unless a severe previous reaction (e.g. whole arm swelling or severe blistering) has been documented or described by the inmate. *** An inmate may not request to substitute a chest radiograph for a screening tuberculin skin test. The only exception is when there is a medical contraindication to tuberculin skin testing….

P.S. 6190.04 (emphasis added).

Based on the plain language of the Program Statement, Lewis asserted that he was entitled to a chest x-ray based solely on his self-reporting of an allergic reaction; documentation of an allergic reaction in his records was not required, he argued. We note that the text cited by Lewis appears in the Program Statement's explanation of BOP policy with respect to 28 C.F.R. § 549.12 (b)(1), which provides that the BOP "screens each inmate for TB within two calendar days of initial incarceration." Accordingly, we doubt that Lewis's textual argument has merit; this particular section of P.S. 6190.04 *read as a whole* pertains to inmates who are completely new to the Bureau of Prisons and have no records.[1] Lewis is not such an inmate.

But, even assuming that a textual argument has some merit, the self-reporting of a "severe previous reaction" would necessarily have to be credible. In concluding that

---

[1] The entire Program Statement was submitted as an exhibit to the BOP's response to Lewis's petition.

Lewis's refusal to undergo a PPD test was unjustified, the Hearing Officer specifically relied upon a prior incident report from another institution where Lewis had refused a PPD test. The report stated that Lewis told a nurse that "he has not had a + PPD nor does he have severe reactions, he [just] chooses not to have the tuberculosis injected into his body." Lewis's credibility was thus at issue at his disciplinary hearing, and the Hearing Officer specifically found that all staff members' statements and written observations were more credible than Lewis's self-reporting. Accordingly, it was not wrong for the Hearing Officer to insist upon written documentation in Lewis's prison record of a prior severe reaction to the PPD skin test. Finding none, the Hearing Officer properly adjudicated Lewis guilty of the misconduct.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Lewis's petition for writ of habeas corpus.