**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1486
_____

HUDSON CITY SAVINGS BANK

v.

ANITA BARROW; MR. BARROW, Husband of Anita Barrow

Anita Barrow,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-04190)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2019

Before:  KRAUSE, MATEY and COWEN, Circuit Judges

(Opinion filed: November 1, 2019)

_____

OPICION[*]

_____

PER CURIAM

Pro se appellant Anita Barrow appeals the District Court's order denying her request for injunctive relief. For the reasons detailed below, we will dismiss the appeal as moot.

Barrow is the defendant in a foreclosure action that Hudson City Savings Bank filed in New Jersey state court. Barrow removed the action to federal court, and the District Court remanded it back to state court for lack of federal subject-matter jurisdiction. See ECF No. 22. Barrow appealed, and we dismissed the appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1447(d). See C.A. No. 17-1652.

Despite the fact that the District Court had remanded the matter and closed the federal case, Barrow has continued to file various motions in the District Court. At issue in this appeal is her request "for emergent temporary and preliminary injunction." ECF No. 42. She filed this document on February 22, 2019, and asked the Court to block a sheriff's sale of her home that was scheduled for later that day. The District Court denied the request because there was no existing federal case and any possible relief was barred

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

by res judicata or the <u>Rooker</u>-<u>Feldman</u> doctrine.  <u>See</u> ECF No. 43.  Barrow filed a timely notice of appeal.

In her appellate brief, Barrow stated that the sheriff's sale had occurred as scheduled.  <u>See</u> Appellant's Br. at 41, 175.  In addition to her briefs, Barrow has filed several motions in this Court.

We will dismiss the appeal as moot.[1]  "Article III extends the Judicial Power of the United States only to 'cases' and 'controversies.'"  <u>Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine</u>, 606 F.3d 126, 129 (3d Cir. 2010).  This "case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate," <u>Burkey v. Marberry</u>, 556 F.3d 142, 147 (3d Cir. 2009); "once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction," <u>Lusardi v. Xerox Corp.</u>, 975 F.2d 964, 974 (3d Cir. 1992).

In the District Court, Barrow sought only to enjoin a sheriff's sale.  <u>See, e.g.</u>, ECF

---

[1] Under 28 U.S.C. § 1292(a)(1), a litigant may immediately appeal from an interlocutory order denying an injunction.  <u>See</u> <u>Miller v. Mitchell</u>, 598 F.3d 139, 145 (3d Cir. 2010).  By contrast, an order denying a temporary restraining order is not immediately appealable.  <u>See</u> <u>Vuitton v. White</u>, 945 F.2d 569, 573 (3d Cir. 1991).  Barrow was not entirely clear whether she was seeking a preliminary injunction or a temporary restraining order, but because her filing requested all the relief she ultimately sought in the "action," her motion is probably better interpreted as the former.  <u>See generally</u> <u>Hershey Foods Corp. v. Hershey Creamery Co.</u>, 945 F.2d 1272, 1277–78 (3d Cir. 1991).  In any event, there is no mandatory "sequencing of jurisdictional issues" and we may "choose among threshold grounds for denying audience to a case on the merits."  <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 584, 585 (1999).

No. 42 at 19 ("Barrow seeks a temporary injunction of the sale of her property until his matter can be heard.").[2] That sale has taken place. There is now no meaningful relief that we can grant. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); Brill v. Gen. Indus. Enters., Inc., 234 F.2d 465, 469 (3d Cir. 1956) ("[W]here the act sought to be restrained has been performed, the appellate courts will deny review on the ground of mootness.").

Accordingly, we will dismiss the appeal.[3]

---

[2] We do not address Barrow's additional claims on appeal as they were not presented in the District Court. Rather, the only order before us is the District Court's denial of Barrow's motion for emergent relief.

[3] Appellant's July 8, 2019 motion to compel withheld documents is denied. We grant (1) appellant's August 5, 2019 motion for an extension of time to file a reply brief; (2) her September 9, 2019 motion for enlargement of word count; (3) her September 27, 2019 motion to accept her oversized brief, to amend her brief, and to supplement the record; and (4) her October 9, 2019 motion to supplement the record. To the extent that appellant has requested any further relief, it is denied.