**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2590
_____

ANGELINA NKOLI OKWUEGO,
Appellant

v.

JASON L. POPE, Immigration Judge
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:20-cv-14179)
District Judge:  Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2024

Before: JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: February 22, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Angelina Nkoli Okwuego, proceeding pro se, appeals from the District Court's dismissal of her complaint. For the following reasons, we will dismiss the appeal for lack of jurisdiction.

Okwuego filed a complaint against the Honorable Jason L. Pope, alleging multiple constitutional violations in relation to her spouse's immigration proceedings. Dkt. No. 4 at 3 & 5. The only relief she sought was an injunction to prevent the occurrence of an immigration hearing scheduled for October 27, 2020.[1] Id. at 5. Judge Pope filed a motion to dismiss. Dkt. No. 23. Because the immigration hearing had already occurred, the District Court dismissed Okwuego's complaint as moot. Dkt. No. 28. Okwuego filed a timely notice of appeal.[2] Dkt. No. 30.

Okwuego's appeal is moot. "Article III extends the Judicial Power of the United States only to 'cases' and 'controversies.'" Unalachtigo Band of Nanticoke Lenni

---

[1] In 2021, the District Court closed the matter for failure to prosecute. Dkt. No. 7. Okwuego appealed, and this Court vacated the order and remanded for further proceedings. See C.A. No. 21-1351. Okwuego properly served Judge Pope in 2022. Dkt. No. 21.

[2] On appeal, Okwuego asserts that the District Court failed to consider her motion to add a request for monetary damages to her complaint. C.A. Dkt. No. 9 at 12-13. Although she filed the motion on August 19, 2022, it was not entered until August 23, 2022. Dkt. No. 29. Meanwhile, the District Court dismissed the complaint by order entered August 22, 2022. Dkt. No. 28. The District Court then denied the motion without prejudice because this appeal was pending, depriving the District Court of jurisdiction. Dkt. No. 35. Even assuming that the District Court should have ruled on the motion in light of this timeline, any error is harmless as Immigration Judges enjoy absolute immunity from suits for monetary damages. See Stevens v. Osuna, 877 F.3d 1293, 1304 (11th Cir. 2017).

Lenape Nation v. Corzine, 606 F.3d 126, 129 (3d Cir. 2010). This "case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate," Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009); "once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction," Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

As the District Court explained, Okwuego sought only to enjoin the October 27, 2020 immigration hearing. Dkt. No. 28 at 6. Because that hearing has taken place, there is now no meaningful relief that we can grant. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); Brill v. Gen. Indus. Enters., Inc., 234 F.2d 465, 469 (3d Cir. 1956) ("[W]here the act sought to be restrained has been performed, the appellate courts will deny review on the ground of mootness.").

Accordingly, we will dismiss the appeal for lack of jurisdiction.