OPINION
PER CURIAM.
Kermit Ceasar appeals from the District Court’s order dismissing his habeas petition pursuant to 28 U.S.C. § 2241 for lack of subject matter jurisdiction. We will summarily affirm because we agree that Ceasar cannot challenge his conviction by means of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
I.
In December 2002, the United States District Court for the District of New Hampshire imposed a 324-month sentence based on Ceasar’s guilty plea to distribution of crack cocaine and conspiracy to distribute and possess with intent to distribute crack cocaine.[1] The United States Court of Appeals for the First Circuit affirmed. In July 2009, Ceasar filed this petition, his third collateral attack on his conviction, but his first attempt at proceeding under § 2241, claiming that he was denied the right to counsel during plea negotiations, that he is actually innocent of the conspiracy charge, and that the trial court lacked subject matter jurisdiction. After determining that the sentencing court could have entertained Ceasar’s claims, the District Court concluded that § 2255 was not “inadequate” or “ineffee- *324 tive.” See § 2255; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997). Therefore, the District Court dismissed the § 2241 petition for lack of jurisdiction. Ceasar appealed.
II.
We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appeala-bility is not required to appeal from the denial of this § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.2009). We exercise plenary review over the District Court’s legal conclusions, and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir.2007).
III.
The District Court properly dismissed Ceasar’s petition. A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir.2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective; nor do AEDPA’s restrictions on filing successive § 2255 motions. See Cradle, 290 F.3d at 539. We agree with the District Court that Ceasar’s case does not fit within the narrow class of circumstances in which a § 2255 motion would be inadequate or ineffective to challenge a conviction. Accordingly, the District Court’s dismissal of the petition on jurisdictional grounds was proper. Because no “substantial question” is presented by this appeal, we will affirm the order of the District Court.

. The sentence later was reduced to 262 months pursuant to 18 U.S.C. § 3582(c)(2).