BLD-194                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4441
_____

FRANK CUSANO,

                                             Appellant

v.

UNITED STATES OF AMERICA
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-04214)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 13, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed: July 26, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Frank Cusano appeals pro se from the District Court's dismissal of his habeas

petition.  We will summarily affirm.  See 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

Cusano admits that, in 2001, he arranged three sales of heroin by his "source" to Gavin Holland. Holland later died of an overdose after using that heroin. The Government, alleging that Cusano himself distributed the heroin, charged him in the Southern District of New York with three felony counts of distribution or possession with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Because Holland died as a result, Cusano faced a minimum sentence of 20 years of imprisonment. See 21 U.S.C. § 841(b)(1)(C).

Cusano avoided that mandatory minimum sentence by pleading guilty to four counts of using a "communications facility" (i.e., a cellular phone) in committing and causing or facilitating a felony under the Controlled Substances Act in violation of 21 U.S.C. § 843(b). At his plea colloquy, Cusano admitted that he used his phone "in order to commit a felony; namely, aiding and abetting the distribution of heroin." He further admitted that he spoke with Holland about buying heroin four times, that Holland asked to be taken to Cusano's source to buy heroin, and that Cusano agreed and "took him to The Bronx where he then bought heroin." Cusano and the Government agreed that Cusano's Sentencing Guidelines range, as limited by the statutory maximum sentence, was 168 to 192 months of imprisonment. The trial court sentenced him to 168 months. Cusano later filed a motion challenging his conviction under 28 U.S.C. § 2255 in the Southern District of New York. That court denied it, the Second Circuit affirmed, and the

2

Supreme Court denied certiorari.

Cusano, now incarcerated within the District of New Jersey, then filed the habeas petition at issue here under 28 U.S.C. § 2241. The District Court "denied" the petition for lack of jurisdiction by order entered November 9, 2009. Cusano appeals.[1]

II.

Federal prisoners challenging the validity of their sentences generally must do so by means of a § 2255 motion in the sentencing court (here, the Southern District of New York). See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. We have recognized a narrow exception permitting resort to § 2241 by "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" In re Dorsainvil, 119 F.3d 254, 251 (3d Cir. 1997). In Dorsainvil, we permitted resort to § 2241 because the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), rendered after Dorsainvil already had filed a § 2255 motion, interpreted his statute of conviction in a way that suggested he might be "imprisoned for conduct that the Supreme Court has determined is not illegal." Id. at 247. We emphasized that the exception was a "narrow" one reserved for prisoner's in Dorsainvil's

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appealability is not required to appeal the denial of Cusano's putative § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Our review of the District Court's legal conclusions is plenary. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

"uncommon" situation.  Id. at 248.[2]

In this case, Cusano relies on Dorsainvil and argues that he should be permitted to challenge his conviction under § 2241 because the Supreme Court decriminalized the conduct to which he pleaded guilty in Abuelhawa v. United States, — U.S. —, 129 S. Ct. 2102 (2009).  The District Court denied the petition for lack of jurisdiction after concluding that Cusano's claim does not fit within Dorsainvil.  We do not agree with the District Court's reasoning in all respects, but we agree with its ruling.

In Abuelhawa, the Court held that a drug buyer who uses a telephone to make a purchase that would constitute only a misdemeanor under 21 U.S.C. § 844(a) cannot be deemed to "facilitate" the seller's felony of distribution under 21 U.S.C. § 841(a), and thus cannot be guilty of using a communications facility to "facilitate" a felony in violation of § 843(b).  See Abuelhawa, 129 S. Ct. at 2105-08.  Cusano did not plead merely to being a drug buyer, so the narrow holding of Abuelhawa does not apply to him.

For the same reason, the Court's two rationales do not apply to him either.  First, the Court explained that a drug buyer, merely by engaging in the transaction, does not

_____

[2]We have never squarely addressed whether a Dorsainvil-like challenge can be brought under § 2241 within the district of confinement where, as here, the petitioner was convicted in a different district.  Cf. In re Nwanze, 242 F.3d 521, 524-27 (3d Cir. 2001) (noting that the district of conviction and confinement were the same in Dorsainvil and declining to issue writ of mandamus to prevent transfer of a § 2241 petition to the district of conviction within the Fourth Circuit).  We need not address that issue in this case because, as explained below, Cusano's challenge does not fit within Dorsainvil and thus cannot be asserted under § 2241 in the first place.

4

"facilitate" it as that term is commonly understood. See id. at 2105-06. Cusano, by contrast, did not plead that he merely bought heroin from his source. Instead, he pleaded to using his cellular phone to assist Holland in buying heroin (and, by necessary implication, to assist his source in selling it). His actions thus constitute "facilitation." See id.

Second, the Court concluded that treating a misdemeanor drug purchase as a felony merely because the buyer used a cellular phone would be inconsistent with Congress's intent to treat simple possession more leniently than distribution. See id. at 2106-07. As the Court explained, by downgrading simple possession to a misdemeanor and limiting § 843(b) to facilitation of felonies, "Congress meant to treat purchasing drugs for personal use more leniently than the felony of distributing drugs, and to narrow the scope of the communications provision [i.e., § 843(b)] to cover only those who facilitate a drug felony." Id. at 2107. Subjecting a buyer for personal use to the felony provisions of § 843(b) merely because the buyer used a telephone would upset this statutory balance. See id.

Cusano, by contrast, did not plead to mere possession or any other conduct that the Controlled Substances Act treats more leniently than distribution. Instead, he was charged with the felony of distributing or possessing with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). He then specifically pleaded guilty to using a cellular phone to facilitate the felony of distribution of heroin to Holland in

5

violation of § 843(b).  Abuelhawa does not render that conduct non-criminal.[3]

Thus, we agree with the District Court that Cusano's challenge under Abuelhawa does not fit within the narrow Dorsainvil exception, that he is not permitted to raise that challenge under § 2241 in the district of his confinement, and that the District Court thus lacked jurisdiction to consider his petition.  Accordingly, we will affirm.  As the District Court did, we note that our ruling is without prejudice to Cusano's ability to seek to raise this challenge by means of a second § 2255 motion in the Southern District of New York or a § 2244 application in the Second Circuit.  We express no opinion on the propriety of any such attempt.  Cusano's motion for summary action is denied.

---

[3]Abuelhawa means that Holland did not commit a § 843(b) felony merely because he used a cellular phone to commit the § 844 misdemeanor of possessing heroin for his own personal use, but it says nothing about Cusano's conduct.  Cusano appears to argue that he should be deemed to have facilitated only Holland's misdemeanor, and not his or his source's felony of distribution.  Abuelhawa does not address that issue.  In addition, we note that Cusano argued in his § 2255 motion that his counsel rendered ineffective assistance in advising him to plead guilty to § 843(b) felonies because he was guilty only of the misdemeanor of simple possession.  The Southern District of New York rejected that argument, noting that Cusano specifically pleaded to "us[ing] a telephone to organize and facilitate heroin purchases in knowing violation of the law" and that the Government had "overwhelming evidence," in the form of Cusano's confession and otherwise, that Cusano himself actually purchased heroin for redistribution.  Cusano v. United States, No. 05-cv-7177, 2007 WL 4142771, at *2-3 (S.D.N.Y. Nov. 16, 2007).