**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4105
_____

AMEER AZIZ,
                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
WARDEN MARY SABOL, York County Prison; THOMAS DECKER, District Director of
Pennsylvania Field Office for Detention
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:12-cv-00673)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2013

Before: SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed:  September 25, 2013)
_____

OPINION
_____

PER CURIAM

        Ameer Aziz, a citizen of Guyana, filed a habeas corpus petition pursuant to 28 U.S.C.

§ 2241 to challenge his post-order-of-removal detention in York County.  After the District

Court denied his petition, Aziz timely appealed.[1]

Shortly after the Government filed its brief on appeal, Aziz was removed to Guyana; ergo, he is no longer in immigration detention. The issue now before us, pursuant to the Government's motion to dismiss, is whether Aziz's removal moots his habeas corpus petition and deprives us of jurisdiction over this appeal. See, e.g., Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009); see also In re Semcrude, L.P., No. 12-2736, ___ F.3d ___, 2013 U.S. App. LEXIS 17903, at *1–2 (3d Cir. Aug. 27, 2013) ("Mootness is a threshold issue that prevents a federal court from hearing a case where there is no live case or controversy as required by Article III of our Constitution."). To resolve the question, we must consider whether this case can be distinguished from Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011). In Diop, we held (in part) that release from immigration detention need not always render moot a habeas corpus petition challenging that detention. See id. at 229.

We conclude that Diop is distinguishable. The petitioner in Diop was detained pursuant to 8 U.S.C. § 1226(c), which governs pre-removal-decision detention. We believed his situation to be vulnerable to repetition because "the prospect of his once again being detained by the Government is not wholly speculative." Id. at 228. Present were numerous factors, including the possible reinstatement of Diop's conviction and the Government's continued contention that he could be plausibly detained based on another conviction, that suggested reincarceration to be a very real possibility. Id. Here, by contrast, Aziz was held pursuant to 8 U.S.C. § 1231(a), which covers post-removal-decision detention. As Aziz has been removed,

---

[1] He also filed a motion for summary action, in which he also requests that we vacate an order granting the Government an extension of time to file its brief.

the only plausible way he would be detained in the same situation is if he re-entered the country and was again subject to a lengthy removal process (which is unlikely as the prior order can simply be reinstated). Whether he will do so or intends to do so is wholly speculative.

Diop also suggested that mootness could be avoided if the petitioner "may again be subject to the challenged conduct." Id. at 229. As discussed above, any argument to this end would be very speculative. Thus, unlike the petitioner in Diop, Aziz does not "retain[] an interest in this appeal despite his release." Id.

For the foregoing reasons, we grant the Government's motion and will dismiss this appeal as moot. Aziz's motion for summary action is denied.