DLD-332                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2045
_____

MELVIN JORDAN, III,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-02048)
Judge: Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 11, 2015

Before: FISHER, SHWARTZ, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: September 16, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Melvin Jordan, III, appeals the District Court's order dismissing his habeas corpus petition, 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

In 2008, the United States District Court for the Northern District of Iowa sentenced Jordan to a 169-month prison term on convictions for unlawful transportation of firearms and being a felon in possession of a firearm. In December, 2010, the sentencing court reduced his sentence to 109 months for changed circumstances under Federal Rule of Criminal Procedure 35(b).

In March, 2014, Jordan filed a 28 U.S.C. § 2255 motion to vacate his sentence in the sentencing court. The sentencing court denied the § 2255 motion as time-barred, and the Eighth Circuit denied Jordan's request for a certificate of appealability.

Jordan filed the instant 28 U.S.C. § 2241 petition in federal court in the Middle District of Pennsylvania, the jurisdiction where he is confined. Relying on Descamps v. United States, 133 S.Ct. 2276 (2013), Jordan claimed that the sentencing court erroneously relied on a state-court conviction for third-degree burglary in determining that he was a career criminal for sentencing purposes. The District Court dismissed his § 2241 petition for lack of jurisdiction, concluding that § 2255's safety valve, see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), did not apply to Jordan's claim. Jordan filed a motion to reconsider, which the District Court denied.

Jordan appeals. We have jurisdiction under 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of § 2241 petition). Our Clerk advised Jordan that the appeal was

subject to dismissal under 1915(e) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have considered his submission.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly dismissed Jordan's § 2241 petition because a motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a petitioner can seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See Dorsainvil, 119 F.3d at 249-51. However, § 2255 is not inadequate or ineffective simply because the sentencing court did not grant relief on a prisoner's § 2255 motion or the prisoner is unable to meet the gatekeeping requirements, 8 U.S.C. § 2255(h), for a second § 2255 motion. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). We have applied the "safety valve" only where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

The District Court properly concluded that Jordan's § 2241 petition does not fall within the narrow Dorsainvil exception. Jordan's petition does not allege that he was denied an earlier opportunity to challenge the underlying burglary convictions upon which the sentencing court enhanced his sentence. Nor does he allege that the conduct

3

for which he was convicted for burglary is no longer criminal.  Hence, Jordan's claim is not the type of claim that allows him to pursue § 2241 relief under Dorsainvil. Descamps, on which Jordan relies, reaffirmed that sentencing courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the underlying crime has a single, indivisible set of elements.  Descamps did not render the conduct for which Jordan was convicted non-criminal.  The District Court also correctly denied Jordan's motion to reconsider, which relied on the contentions the District Court properly rejected when it dismissed his § 2241 petition.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Jordan's § 2241 petition for lack of jurisdiction.