BLD-093                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2762
_____

MARK ALAN LANE,
                                              Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 15-cv-00576)
District Judge: Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: January 7, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

Mark Alan Lane appeals from an order of the District Court dismissing his petition for writ of habeas corpus, 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Lane, a federal prisoner, pleaded guilty in the United States District Court for the Southern District of Indiana to one count of conspiracy to possess with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(h), (a)(1)(A)(i), see D.C. Crim. No. 01-0003. On March 12, 2002, the District Court sentenced him to a 360-month prison term on the drug count and a concurrent 240-month term on the money laundering count, to be followed by five years of supervised release.

On appeal, Lane contested the District Court's imposition of a three-level upward adjustment under U.S.S.G. § 3B1.1(b) for his aggravating role in the offense. The Court of Appeals for the Seventh Circuit affirmed the judgment and upheld the adjustment, stating "the record and the PSR bear ample proof that Lane engaged in the type of activity that our previous line of cases has held to be worthy of sentencing enhancement under U.S.S.G. § 3B1.1." United States v. Lane, 52 F. App'x 838, 839 (7th Cir. 2002).

In 2004, Lane challenged his sentence pursuant to a motion to vacate sentence, 28 U.S.C. § 2255, filed in the sentencing court, in which he alleged that his attorney was constitutionally ineffective for failing to negotiate a favorable plea. Specifically, Lane argued that the Guidelines were improperly applied to calculate his offense level. The District Court denied § 2255 relief, concluding that the record showed that Lane's attorney had negotiated a favorable plea but Lane had rejected it, and that his stand-alone

2

Guidelines claim could not be pursued in a § 2255 motion, see United States v. Lane, 2005 WL 1421496 (S.D. Ind. June 16, 2005). The Seventh Circuit denied his request for a certificate of appealability.

On March 23, 2015, Lane filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, where he is confined. Lane claimed that his sentence is illegal and a miscarriage of justice because his Indictment referenced only "in excess of 500 grams" of methamphetamine, whereas he was sentenced under the Guidelines for "in excess of 15 kilograms" of the drug. The Magistrate Judge filed a Report and Recommendation, recommending that the petition be dismissed for lack of jurisdiction, citing Davis v. United States, 417 U.S. 333, 345-46 (1974) (§ 2255 motions are exclusive means by which federal prisoner can challenge conviction or sentence that allegedly is in violation of Constitution or federal laws or that is otherwise subject to collateral attack). Lane filed Objections. The District Court then overruled those objections, and dismissed Lane's § 2241 petition for lack of jurisdiction. Lane filed a timely motion for reconsideration and then also filed a notice of appeal on July 22, 2015. In an order entered on July 24, 2015, the Court denied Lane's motion for reconsideration.

Lane appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir.

---

[1] A certificate of appealability is not required to appeal from the denial of § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

3

LAR 27.4 and I.O.P. 10.6. Lane has submitted a summary action response and a motion for appointment of counsel. In his summary action response, Lane argues that the Indictment authorized "the proper Sentence" to be "level 32 - (770 grams/841(1)(1) + the Seven(7) Points in Enhancements = a Level 39-3 = level 36 = 188 months to 235 months." (Response, at 2.)

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly dismissed Lane's § 2241 petition because a motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a petitioner may seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, see In re: Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997), but § 2255 is not inadequate or ineffective simply because the sentencing court does not grant relief on the petitioner's § 2255 motion or because the petitioner is unable to meet the gatekeeping requirements, 8 U.S.C. § 2255(h), for a second § 2255 motion. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

We have only applied the § 2255 "safety valve" where the petitioner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). Lane did not contend that, as a result of a Supreme Court decision issued after he filed his first § 2255 motion, the conduct for which he was convicted is now not criminal. Lane

4

appears to contend that his sentence is unconstitutional because the District Court

determined the length of it based on a drug quantity that was not specified in the

Indictment, admitted to in the guilty plea, or found beyond a reasonable doubt by a jury.

Although he did not, as he might have, specifically cite Apprendi v. New Jersey, 530

U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), we note that neither

case decriminalized the conduct for which Lane was convicted. See Okereke, 307 F.3d at

120-21.[2]

For the foregoing reasons, we will summarily affirm the order of the District Court

dismissing Lane's § 2241 petition for lack of subject matter jurisdiction. His motion for

appointment of counsel on appeal is denied as moot.

---

[2] We reject as unpersuasive Lane's assertion that an argument that the grand jury indicted him only for "in excess of 500 grams" of methamphetamine is tantamount to an argument that he is "actually innocent" so as to permit him to resort to a § 2241 petition.