**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2567
_____

RONALD PAGAN,
                                     Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-15-cv-01244)
District Judge: Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2016

Before: CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 1, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ronald Pagan appeals from an order of the District Court dismissing his petition for writ of habeas corpus, 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Following a jury trial in 1999 in the United States District Court for the District of Connecticut, Pagan, Ruben Feliciano, and Nelson Gonzalez, members of a gang known as Los Solidos, were convicted of conspiring to murder and murdering 16-year old fellow member Edwin Ramos, in violation of 18 U.S.C. § 1959, see D.C. Crim. No. 97-cr-00204-2. Pagan and Feliciano also were found guilty of using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and (2). Pagan was sentenced to life imprisonment on the murder conviction, a concurrent 10-year term of imprisonment on the conspiracy conviction, and a consecutive 5-year term on the § 924(c) conviction. The criminal judgment was affirmed by the Court of Appeals for the Second Circuit, see United States v. Feliciano, 223 F.3d 102 (2d Cir. 2000).

Pagan has previously and unsuccessfully challenged his convictions by filing a motion to vacate sentence, 28 U.S.C. § 2255, in the District of Connecticut, see generally United States v. Pagan, 2003 WL 22953079 (D. Conn. Dec. 11, 2003) (denying certificate of appealability and motion for appointment of counsel). In February 2015, Pagan moved for leave to file a second or successive § 2255 motion in the Second Circuit Court of Appeals, on the basis of Rosemond v. United States, 134 S. Ct. 1240 (2014). The application was denied on February 18, 2015, the Court explaining that Pagan failed to satisfy § 2255(h)(2) because Rosemond "focused entirely on statutory interpretation

2

and did not set out a new rule of constitutional law.  Moreover, even if Rosemond were construed as setting out a new rule of constitutional law, there is no indication that the Supreme Court intended any such rule to apply retroactively to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 663 (2001)." Pagan v. United States, C.A. No. 14-4684 (2d Cir. Feb. 18, 2015) (Order).

At issue in this appeal, on June 25, 2015, Pagan filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the Middle District of Pennsylvania, where he is confined. Pagan alleged in the petition that he is actually innocent of violating § 1959 and § 924(c), in light of Rosemond.  He claimed that he is actually innocent of the murder and firearms charges because he did not know that Feliciano possessed a gun until moments before it was used to kill Ramos, and that the § 2255 remedy is inadequate and ineffective to test the legality of his detention, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), because Rosemond was decided after the conclusion of his § 2255 proceedings.  After the Magistrate Judge filed a Report and Recommendation, Pagan filed Objections and a motion to amend his § 2241 petition.  The District Court, in an order entered on April 13, 2016, dismissed the § 2241 petition for lack of jurisdiction and denied leave to amend.

Pagan appeals.  Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.  Pagan has submitted an application for a certificate of appealability, which we will construe as

3

his summary action response.[1] In this response Pagan asserts that he is actually innocent of the § 924(c) count following <u>Rosemond</u> because he did not know that Feliciano possessed a gun until moments before it was used to kill Ramos. Pagan contends that the trial court's aiding and abetting instructions were erroneous because they did not require the jury to find that he knew in advance that a gun would be involved in the murder, as required by <u>Rosemond.</u> He notes that several federal district courts have concluded that <u>Rosemond</u> is retroactive to cases on collateral review.

We will summarily affirm. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. The District Court properly dismissed Pagan's § 2241 petition because a motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence. <u>See</u> <u>Okereke</u>, 307 F.3d at 120. In certain limited circumstances, a petitioner may seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, <u>see</u> <u>Dorsainvil</u>, 119 F.3d at 249-51. Section § 2255 is not inadequate or ineffective simply because the petitioner is unable to meet the gatekeeping requirements, 8 U.S.C. § 2255(h), for a second § 2255 motion. <u>See</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

We have, as yet, only applied the § 2255 "safety valve" where the petitioner has had no prior opportunity to challenge his conviction for actions deemed to be non-

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. <u>See</u> <u>Burkey v. Marberry</u>, 556 F.3d 142, 146 (3d Cir. 2009).

criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). In Rosemond, the Supreme Court addressed what the Government must show when it accuses a defendant of aiding or abetting the § 924(c) offense of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime. 134 S. Ct. at 1243. The Court held that the Government must prove that the defendant "actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. "[A]dvance knowledge," the Court stated, means "knowledge at a time the accomplice can do something with it -- most notably, opt to walk away." Id. at 1249-50.

Here, even assuming that the trial court's jury instructions violated Rosemond, habeas corpus relief is not warranted because the error did not have a substantial and injurious effect on the verdict, see Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (holding that error is harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict"). The evidence, as summarized by the Second Circuit Court of Appeals, indicates that, because the murder was a planned execution, Pagan had advance knowledge that a gun would be used during the commission of the crime. The Court explained:

> With respect to the murder of Edwin Ramos, the Government's evidence at trial was essentially as follows. Members of Los Solidos were upset that Ramos, a member of Los Solidos and a former member of the Latin Kings, had sold a gun -- possibly to a member of the rival Latin Kings -- that had been given to him by Nelson Gonzalez, the president of Los Solidos' Meriden chapter. Gonzalez told Ronald Pagan, the "warlord" of the Meriden chapter, that Ramos should be "terminated," which Solidos

5

members Alex Rivera and Keith Streeter understood to mean that Ramos was to be killed. Gonzalez entrusted Pagan and Ruben Feliciano, a probationary member of Los Solidos, with the task of "terminating" Ramos. According to the evidence adduced by the Government, on the evening of March 24, 1997, Pagan and Feliciano drove to the apartment of Naomi Rivera in Meriden, where they picked up Edwin Ramos and drove with him to the home of Alex Rivera. After stopping at a store, Pagan, Feliciano, Alex Rivera, and Ramos then drove to a cemetery in Meriden, where all four exited the car. Feliciano asked Ramos what had happened to the gun that Gonzalez had given him. Upon being asked this question a second time, Ramos said that he might have lost the gun. Feliciano laughed and then shot Ramos once in the head, killing him.

223 F.3d at 109.

In sum, section 2255 is inadequate or ineffective to test the legality of detention in a case where the gatekeeping provisions bar a successive petitioner who can allege actual innocence of the crime of which he was convicted and who, at the time of his earlier § 2255 motion could not demonstrate that innocence. But, in Pagan's case, denying him access to federal court under § 2241 is proper because he cannot allege facts which will support his claim of actual innocence, and therefore the unavailability of relief under § 2255 does not render that provision inadequate or ineffective as to him.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Pagan's § 2241 petition for lack of jurisdiction.

6