BLD-114                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4037
_____

WILLIAM SOLOMON LEWIS,
                                                            Appellant

v.

WARDEN CANAAN USP;
UNITED STATES ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-15-cv-00319)
District Judge: Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: March 23, 2017)
_____

OPINION*
_____

PER CURIAM

        William Lewis appeals from an order of the District Court denying his petition for

writ of habeas corpus, 28 U.S.C. § 2241.  For the reasons that follow, we will summarily

affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lewis, while incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, was charged in Incident Report No. 2283439 with a Code 227 violation for refusing to submit to a tuberculosis skin test. Bureau of Prisons ("BOP") Program Statement ("P.S.") 6190.04, requires inmates to undergo a purified protein derivative ("PPD") skin test for tuberculosis ("TB"). Lewis complained to prison personnel that he had previously experienced "red blistering and swelling" following a PPD test. He requested a chest x-ray in lieu of the test. The request was denied by prison staff and Lewis's continued refusal resulted in the misconduct, 28 C.F.R. § 549.12(b)(4).

On March 27, 2012, the Unit Disciplinary Committee referred the misconduct to a Disciplinary Hearing Officer. Lewis was given notice of the hearing and advised of his rights. Lewis did not request a staff representative, nor did he request any witnesses to appear on his behalf. At his hearing, Lewis admitted the allegations but argued that his refusal of the PPD skin test was justified because of his prior allergic reaction. Lewis submitted a copy of P.S. 6190.03, and argued that it supported his position that he was entitled to a chest x-ray in lieu of a PPD test.[1] Specifically, Lewis argued that BOP policy allows for a chest x-ray based solely on an inmate's self-reporting of an allergic reaction.

---

[1] Specifically, Lewis noted the following text:

> A self-reported, undocumented previous positive tuberculin skin test is not a contraindication to receiving a tuberculin skin test unless a severe previous reaction (e.g. whole arm swelling or severe blistering) has been documented or described by the inmate. *** An inmate may not request to substitute a chest radiograph for a screening tuberculin skin test. The only exception is when there is a medical contraindication to tuberculin skin testing….

P.S. 6190.04 (emphasis added).

2

Following the hearing, the Hearing Officer concluded that Lewis's refusal to submit to the PPD test was unjustified and found him guilty of the misconduct. The Hearing Officer found that Lewis's refusal was not based on a prior positive PPD test or severe previous reaction, and that the only basis for his refusal was his preference to not have the tuberculosis virus injected into his skin. The Hearing Officer relied on Lewis's statement to a staff member on one occasion that in fact he had had no prior positive PPD tests, nor had he ever suffered an allergic reaction to a PPD test. The Hearing Officer further noted that prison staff had assured Lewis at the time of his refusal that the PPD test posed no risk of harm to him. The Hearing Officer further found that Lewis's medical file contained no evidence to corroborate his assertion of a prior allergic reaction. The Hearing Officer sanctioned Lewis to the loss of 27 days of good conduct time and 60 days of commissary privileges, and to disciplinary confinement for 15 days.

Lewis, who is now incarcerated in Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, seeking the restoration of his good conduct time. In addition to setting forth his claim of a violation of his right to due process in connection with the loss of his good conduct time, he also asserted that he had exhausted his administrative remedies. He asserted that he had appealed the decision of the Hearing Officer to the Mid-Atlantic Regional Director and to National Inmate Appeals, and that those appeals had been denied.[2] The BOP submitted a response and argued that the § 2241 petition was meritless and should be denied.

---

[2] We note that the National Inmate Appeals Acting Administrator responded to Lewis's textual argument by explaining that P.S. 6190.04 states that an inmate may not request to substitute a chest x-ray in place of a skin test, and that the only exception to this rule is

3

In an order entered on October 7, 2016, the District Court denied the habeas corpus petition on the merits. In a thorough Memorandum, the Court discussed the applicable law, reviewed the evidence presented at Lewis's disciplinary hearing and the Hearing Officer's findings and conclusions, and concluded that Lewis was afforded all of his procedural rights, and that "some evidence" supported the decision of the Hearing Officer. Accordingly, the District Court concluded, Lewis had failed to make out a due process violation.

Lewis appeals. We have jurisdiction under 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of § 2241 petition). Our Clerk granted Lewis leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A challenge to the BOP's execution of a sentence, including the sanction of loss of good conduct time, is properly brought under 28 U.S.C. § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d at 235, 241-43 (3d Cir. 2005). We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).

---

where there is a medical contraindication. The Acting Administrator stated that: "Staff reviewed your medical record and found no evidence of severe allergic reaction to TB skin testing." Petition, Exhibit "D."

Due process provides certain procedural protections at a prisoner's disciplinary hearing, Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974), as do the governing regulations, see 28 C.F.R. § 541.5, et seq., but, as explained by the District Court, Lewis received all of the process he was due. He received advance written notice of the charge, and he was not prevented in any way from presenting his medical justification defense at his disciplinary hearing. The administrative record shows that Lewis was fully aware of his rights in connection with the hearing. Also, the Hearing Officer fully considered all of the evidence and fully explained his decision to sanction Lewis for refusing to undergo the PPD skin test. Lewis was then notified of his right to appeal, and he took advantage of that right.

Furthermore, the findings of a Disciplinary Hearing Officer must be supported by "some evidence in the record," Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 454-56 (1985), but again, as explained by the District Court, the standard was met in Lewis's case. Lewis's statements about his history with the PPD skin test were inconsistent and he does not have a documented history of a severe previous reaction to the PPD skin test. Thus, the Hearing Officer's conclusion that Lewis's refusal to undergo the PPD test was unjustified was supported by "some evidence." We "need only find that the [Hearing Officer's] decision had 'some basis in fact' in order to affirm the decision as comporting with the Due Process Clause." Denny v. Schultz, 708 F.3d 140, 145 (3d Cir. 2013) (quoting Hill, 472 U.S. at 456). The administrative record shows that the Hearing Officer believed that Lewis had recently "contrived" the defense of a prior allergic reaction. The Hearing Officer nonetheless sought out prison medical staff and asked for clarification. Specifically, the Hearing Officer asked that medical staff

5

review Lewis's medical records for documentation of a severe previous reaction. The records were reviewed by a nurse and she reported back to the Hearing Officer that there was no documentation of a severe previous reaction. Lewis's due process claim is thus without merit.

We note that, in his Traverse to the BOP's response to his § 2241 petition, Lewis challenged the Hearing Officer's weighing of the evidence. He noted that he had previously had a chest x-ray at a BOP institution (and at a state institution in Brazoria County, Texas). He also appeared to argue that localized swelling and a small blister at the injection site qualifies as a medical contraindication to future PPD testing. Neither of these assertions undermines the Hearing Officer's decision. The administrative record shows that the Hearing Officer was aware of the existence of a recent negative chest x-ray in Lewis's BOP file but deemed it insufficient under P.S 6190.03 to justify Lewis's refusal. In addition, Lewis cited to no authority for his assertion that localized swelling and a small blister at the injection site constitutes a "severe" previous reaction and is thus a medical contraindication to a PPD skin test. P.S. 6190.03, in fact, lists as examples of a severe reaction "whole arm swelling" or "severe blistering." Lewis's Traverse and supporting exhibits show nothing of the sort. Lewis also raised a new argument in his Traverse that prison officials lack the authority to "force" more than one PPD skin test on an inmate within a one-year period, but the regulation he cited states only that "[t]he Bureau conducts [TB] screening for each inmate annually as medically indicated." 28 C.F.R. § 549.12(b)(2). We are not persuaded that this regulation or P.S. 6190.03, which states that "[a]ll inmates without prior TB infection must be screened annually for newly

6

acquired TB infection," prohibit prison authorities from scheduling annual PPD testing unless a full calendar year has passed since the inmate was last tested.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Lewis's petition for writ of habeas corpus.