DLD-050                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2844
_____

DERRICK MENTER,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:17-cv-01886)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2019
Before:  RESTREPO, PORTER, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 11, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Derrick Menter appeals from an order of the District Court denying his petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Menter was convicted in 2011 in the United States District Court for the District of New Jersey of conspiracy to commit murder of a federal judge, and sentenced to life imprisonment. In 2012, he filed a 28 U.S.C. § 2255 motion to vacate his conviction and sentence, which was denied in 2013. In 2015, he filed a direct appeal of his conviction, which this Court dismissed as untimely.

On July 26, 2017, Menter filed, in the United States District Court for the District of New Jersey, this § 2241 petition challenging his conviction. The case was then transferred to the United States District Court for the Middle District of Pennsylvania— the district in which Menter is currently incarcerated. On June 6, 2019, the District Court dismissed Menter's petition on the ground that federal prisoners seeking post-conviction relief from their judgment of conviction are required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.

Menter appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit L.A.R. 27.4 and I.O.P. 10.6. "Motions

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

2

pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it . . . appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), we held that the District Court had jurisdiction to hear a federal prisoner's claim under § 2241 even though he did not meet the gatekeeping requirements of § 2255(h), where an intervening U.S. Supreme Court case rendered the conduct of which he was convicted no longer criminal and where he did not have an earlier opportunity to present his claim. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Menter may not resort to the § 2241 remedy. He argued in his petition that he is actually innocent of the crime of conviction and relied upon a multitude of cases. However, for the reasons explained by the District Court, those cases are inapposite given the procedural posture of this case. If Menter wishes to challenge his conviction, he may seek this Court's permission to file a second or successive § 2255 motion, provided that he meets the requirements under § 2255(h) for doing so.

3

The District Court correctly determined that it lacked jurisdiction, and we will summarily affirm the Order dismissing Menter's § 2241 petition.