ALD-098                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-3400

———————

UNITED STATES OF AMERICA

v.

DRUE WILLIAMS, III,

                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-16-cr-00185-007)
District Judge:  Honorable Nora B. Fischer

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 18, 2021
Before:  MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: April 22, 2021)

———————

OPINION*

———————

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Drue Williams, III, appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's order. See Third Circuit LAR 27.4 and I.O.P. 10.6.

I.

In 2016, Williams was charged with conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. He pleaded guilty to a lesser included offense. The District Court sentenced Williams to a term of imprisonment of 70 months, which was at the bottom of the Guidelines range of 70 to 87 months' imprisonment. The District Court ordered the sentence to run concurrently with the undischarged portion of Williams' 60-month sentence of imprisonment in a related federal case in the District Court of the Virgin Islands.

In August 2020, Williams filed a motion for compassionate release, arguing that his obesity and other health concerns rendered him especially vulnerable to COVID-19 while incarcerated at FCI Elkton. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). Williams sought to reduce his 70-month sentence to time served. The Government did not dispute that Williams' obesity could serve as an extraordinary and compelling reason for a sentence reduction in light of the ongoing COVID-19 pandemic.

2

But the Government opposed the motion, arguing that the factors set forth in 18 U.S.C. § 3553(a) counseled against Williams' release.

After considering the record and the § 3553(a) factors, the District Court denied the motion. The District Court noted the risk that COVID-19 poses to Williams, his good conduct while incarcerated, his family support, and his employment opportunities. But the District Court concluded that the relevant factors weighed against release. Among other things, the District Court emphasized that Williams had more than two years remaining in his sentence, was imprisoned for a serious drug trafficking offense, and had a lengthy criminal history.

This appeal ensued. In this Court, the Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291. See United States v. Pawlowski, 967 F.3d 327, 329 n.4 (3d Cir. 2020). We review the District Court's order for abuse of discretion, and thus "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 330 (alteration, quotation marks, and citation omitted). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

III.

We discern no error in the District Court's analysis of the relevant factors and we will affirm for essentially the reasons provided by the District Court. See 18 U.S.C. §§ 3142(g), 3553(a); Pawlowski, 967 F.3d at 329. The District Court acted within its discretion to deny relief based, in part, on the substantial time remaining to be served on Williams' sentence, the seriousness of his offense of conviction, and his extensive criminal history. See Pawlowski, 967 F.3d at 331. While Williams argued that the District Court should have placed more weight on the risk that COVID-19 poses to him, we cannot conclude that the District Court abused its discretion in weighing the factors as it did. See id.[1]

Accordingly, we grant the Government's motion and will summarily affirm the District Court's order.

---

[1] To the extent that Williams' motion raised challenges to the computation of his sentence, the amount of time-served credit to which he is entitled, and the location of his confinement, the District Court properly declined to consider those aspects of the motion. We note, as the District Court has noted for Williams, that "[a] challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241." Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Further, we note that Williams has filed a § 2241 petition in the United States District Court for the Northern District of Ohio.