CLD-009                                        **NOT PRECEDENTIAL**
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2303
_____

FIRKON JAMES,
                                Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1:18-cv-12913)
District Judge:  Honorable Noel L. Hillman
_____

Submitted on Appellee's Motion for Summary Action Pursuant to Third Circuit L.A.R.
27.4 and I.O.P. 10.6, or for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
October 19, 2023

Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed November 13, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Firkon James appeals the District Court's order dismissing his habeas petition for lack of jurisdiction. The Government has filed a motion for summary affirmance of the District Court's order. For the reasons that follow, we grant the Government's motion.

I.

James pleaded guilty to conspiracy to traffic crack cocaine and was sentenced as a "career offender" under U.S.S.G. § 4B1.1.[1] James's subsequently filed motions to withdraw his plea, modify his sentence under the All Writs Act, 28 U.S.C. § 1651, vacate his sentence under § 2255(a), and (via § 2244) file a new § 2255 motion all failed.

James then filed a pro se habeas petition under § 2241. Repurposing a claim from his unsuccessful § 2244 motion, James argued that the career offender enhancement—and, therefore, the Guidelines range applied at sentencing—was erroneous under Mathis v. United States, 579 U.S. 500 (2016), making him 'innocent' of his sentence.[2]

The Government responded with a motion to dismiss, which the District Court granted. The District Court observed that a § 2255 motion is the presumptive vehicle for the inmate who seeks to collaterally attack his federal sentence. It observed further that, while resort to § 2241 is allowed under the § 2255(e) saving clause when a § 2255

---

[1] James's original sentence of 300 months of incarceration was reduced by 8 months as a result of a successful motion under 18 U.S.C. § 3582(c)(2).

[2] The predicates for James's career offender enhancement were drug offenses under N.Y. Penal Law §§ 220.31 and 220.06. For his 'innocence' argument, James has relied on United States v. Townsend, 897 F.3d 66, 74 (2d Cir. 2018), where the court applied Mathis and concluded that a conviction under § 220.31 did not qualify as a "controlled substance" offense under § 4B1.2(b) and the career offender enhancement.

2

motion is "inadequate or ineffective" to test the legality of one's detention, such a motion is not "inadequate or ineffective" simply because the inmate cannot satisfy the § 2255(h) requirements for second or successive § 2255 motions. See DC Op. 10 (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam)).

The District Court took note of Bruce v. Warden Lewisburg USP, 868 F.3d 170 (3d Cir. 2017), where we explained that under In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), a federal inmate could access § 2241 (via § 2255(e)) if he presented an actual innocence theory based on "a change in statutory caselaw that applies retroactively in cases on collateral review," so long as he "had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce, 868 F.3d at 179-80. James, though, did not meet those criteria. Finally, the District Court declined to transfer James's petition to the Second Circuit, to be treated as a § 2244 motion, because he "does not appear to be able to meet the requirements of § 2255(h)." DC Op. 10.

James appealed the District Court's order of dismissal. By order of the Clerk, his appeal was stayed pending a decision in the matter of Wilson v. Warden Canaan USP, C.A. No. 18-2154 (3d Cir.), which like James's appeal appeared to present the question of whether an inmate may use a § 2241 petition to claim 'innocence' of a Guidelines career-offender enhancement—a question left open in United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015).

Thereafter, the Supreme Court decided Jones v. Hendrix, 599 U.S. 465 (2023), which abrogated Dorsainvil (and with it Bruce, in relevant part). The parties were then directed to address the impact of Jones, if any, on this appeal. The Government

3

responded with a motion seeking summary affirmance of the District Court's order. James filed a motion for counsel, which we denied, followed by a response to Jones.

After considering the above procedural history and the parties' responses to Jones, the Wilson stay is hereby lifted. The merits of James's appeal may now be decided.

## II.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and our review is de novo. See Cradle, 290 F.3d at 538.[3] No certificate of appealability is required for James to proceed with this appeal. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

## III.

Only if a § 2255 motion would be "inadequate or ineffective" may a federal court entertain a § 2241 habeas petition in this context. See Cradle, 290 F.3d at 538. The District Court determined that a § 2255 motion was not "inadequate or ineffective" here. The Supreme Court's decision in Jones makes clear that the District Court did not err.

Jones held that AEDPA's restrictions on second or successive § 2255 motions (i.e., § 2255(h)(1)-(2)) bar serial § 2255 motions that are "based solely on a more favorable interpretation of statutory law adopted after [the inmate's] conviction became final and his initial § 2255 motion was resolved." Jones, 599 U.S. at 469. Section 2255(h) does not make § 2255 "inadequate or ineffective" under § 2255(e), however, such that the inmate may attack his convictions or sentence under § 2241. Id. Instead, "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it

---

[3] The Government's argument that, after Jones, this Court lacks jurisdiction to decide James's appeal and should dismiss it, see Gov't Resp. 2, is frivolous and rejected as such.

4

impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Id. at 478.

The circumstances that might allow James to challenge his sentence with a § 2241 habeas petition are not present in his case. James concedes as much. See Resp. 2 ("With the Supreme Court['s] decision in Jones v. Hendrix this avenue has been foreclosed[.]"). At the same time, James argues that his appeal would certainly have been successful had it been decided pre-Jones. That is not a valid basis for demonstrating error by the District Court. And the factual premise is wrong, regardless, as it was an open question in this Circuit whether an inmate like James could pursue a claim of innocence with respect to his sentence only, using § 2241 and the now-defunct Dorsainvil/Bruce paradigm. For those reasons, the Government's motion for summary affirmance is granted. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). The order of the District Court will be affirmed.